IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WADE BURRIS, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>　　　　　Defendant. | Case No.: 4:15-CV-00343-DW |

**DEFENDANT'S MOTION TO SET ASIDE ORDER PERMITTING THE WITHDRAWAL WITHOUT PREJUDICE OF PLAINTIFF'S MOTION TO CERTIFY OR, IN THE ALTERNATIVE, FOR ATTORNEYS' FEES RESPONDING TO PLAINTIFF'S MOTION**

Defendant The Sherwin-Williams Company ("Sherwin-Williams") submits this Motion to Set Aside the Order (Doc. No. 15) allowing Plaintiff's Notice of Withdraw [sic] of Plaintiff's Motion For Class Certification Without Prejudice (Doc. No. 14). Nowhere in his motion to certify or accompanying 12-page brief (Doc. Nos. 8, 9) did Plaintiff ever suggest that his request for certification was merely a "placeholder" (Notice, ¶ 3), and not a serious attempt to certify a class. To the contrary, Plaintiff motion unequivocally asserted to the Court and Sherwin-Williams that the class issue was ripe for a resolution at this time. Only <u>after</u> Sherwin-Williams had filed an opposition brief on the merits to Plaintiff's motion (Doc. No. 11), setting forth in detail a myriad of reasons for why no class can or should ever be certified in this action, did Plaintiff decide to retract his motion, conjuring up an excuse that lacks both justification and plausibility. Such gamesmanship is unfair and prejudicial, and should not be condoned. Sherwin-Williams respectfully requests that the Court address the merits of Plaintiff's certification motion, consistent with Federal Rule of Civil Procedure 23(c)(1)(A). *See Johnson*

*v. U.S. Beef Corp.*, 2006 WL 680918, at *3 (W.D. Mo. Mar. 14, 2006) (in deciding certification, courts "rule on the status of the case as it currently exists"). In the event the Court does not set aside its Order allowing Plaintiff to withdraw his motion, the Court should order Plaintiff to pay Sherwin-Williams' reasonable attorneys' fees in preparing an opposition to a motion for class certification that Plaintiff apparently did not file in good faith under Federal Rule of Civil Procedure 11.

In further support of the instant motion, Sherwin-Williams states:

1. In his motion to certify, Plaintiff argued—without any reservation—that "all prerequisites are met for certification" of his proposed class, and that "[c]ertification is proper" under Rule 23(b)(2) and (b)(3). (Doc. No. 9 at 2.) Nowhere did Plaintiff suggest that his motion was premature, or required discovery and factual development. Instead, Plaintiff contended (albeit incorrectly) that this Court must "assume the truth of the substantive allegations of Plaintiff's Complaint" when deciding certification. (Doc. No. 9 at 3 n.1.)

2. Sherwin-Williams spent considerable time and money in preparing and filing an opposition brief on the merits. Sherwin-Williams' opposition brief sets forth multiple reasons for why no class could ever be certified in this case, including without limitation because the putative class cannot be ascertained and, significantly, because the central issue of whether or not each and every putative class member gave "consent" to receive text messages from Sherwin-Williams necessarily requires individualized determinations that are incapable of class-wide resolution—as numerous courts across the nation have held in denying TCPA classes. (Doc. No. 11 at 6-8, 11-13 (citing cases).) These and other barriers to certification are fatal—and incurable. Only after being fully apprised of Sherwin-Williams' arguments for why no class can or should

be certified, did Plaintiff advance the excuse that he now gives for seeking a do-over, to Sherwin-Williams' detriment.[1]

3. Plaintiff's excuse that his motion was filed to protect against an offer of judgment is implausible, and belied by his own Notice. As Plaintiff concedes, the Eighth Circuit has never held that an offer of judgment made to a plaintiff, prior to filing a motion to certify, will "moot" a class claim. (Notice, ¶5.) Plaintiff's citation to *Damasco v. Clearwater Corp.*, 662 F.3d 891 (7th Cir. 2011) is irrelevant, because this action is pending in the Western District of Missouri. Plaintiff himself states that district courts in this Circuit have "reiterated" that offers of judgment made before any motion to certify has been filed do not moot class claims. (Notice, ¶9.)[2]

5. Moreover, Sherwin-Williams <u>never</u> served or threatened to serve an offer of judgment on Plaintiff. And, unlike plaintiffs in the Seventh Circuit who file transparently labeled "placeholder" certification motions when filing their complaints, Plaintiff in this case filed a motion to certify some two months later—and did not describe it as a "placeholder."

6. In short, Plaintiff's newly manufactured excuse for filing his motion to certify—to thwart an offer of judgment from Sherwin-Williams—is neither supported by the law of this Circuit nor the facts of this case. *See Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 677-79

---

[1] After Sherwin-Williams had filed its opposition brief, Plaintiff's counsel "admitted[]" that the certification motion was "not well developed," and threatened to seek a stay of class certification proceedings so that Plaintiff could take "hyper-aggressive discovery" (notwithstanding the implicit disclaimer of any need for discovery in his certification motion, and the multiple roadblocks to certification described in Sherwin-Williams' opposition brief, which Plaintiff cannot cure with time or discovery); alternatively, Plaintiff demanded, as a condition of withdrawal, that Sherwin-Williams relinquish its legal right to make an offer of judgment in the future. Sherwin-Williams rejected such unjustified demands, which other courts have rejected, but offered to give Plaintiff an additional week to file a reply to Sherwin-Williams' brief in opposition to certification. (Composite Exhibit A.)

[2] Courts in this District have held the same, further undercutting Plaintiff's proclaimed concern. *E.g.*, *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 WL 132670 (W.D. Mo. Jan. 9, 2015); *Claxton KUM & GO, L.C., d/b/a Kum & Go*, 2014 WL 4854692 (W.D. Mo. Sept. 30, 2014).

(S.D. Ala. 2014) (denying plaintiff's "placeholder" motion for class certification and motion to stay, because plaintiff lacked "any justifiable fear" that a pre-motion offer of judgment would moot a class claim in the Eleventh Circuit, which has not adopted *Damasco*).

For the foregoing reasons, Plaintiff should not be relieved of the consequences of his knowing decision to file and brief a motion to certify a class and to wait for Sherwin-Williams to respond on the merits. It would be unfair to give Plaintiff a reprieve based on reasons that, at best, he hid from the Court and Sherwin-Williams. An appropriate result would be to resolve Plaintiff's motion to certify on the merits—as plainly he wanted until recent days. Otherwise, if the withdrawal is allowed to stand, Sherwin-Williams respectfully requests that the Court exercise its inherent authority to order sanctions against Plaintiff in the form of reasonable attorneys' fees incurred by Sherwin-Williams in having to respond to Plaintiff's motion to certify. *See Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) (stating that federal courts have "inherent power to include the ability to dismiss actions, assess attorneys' fees, and to impose monetary or other sanctions appropriate 'for conduct which abuses the judicial process'");[3] *see also Stone v. Bloomfield Sav. & Loan, F.A.*, 1987 WL 16911, at *2 (N.D. Ill. Sept. 4, 1987) (ordering plaintiffs who "needlessly increased the costs of litigation by forcing defendants to file a brief in opposition to their motion for class certification when they knew or should have known that there was no plausible basis for certification" to pay defendants' attorneys' fees).

---

[3] "This inherent power is similar to the court's other powers to impose sanctions, but it is both broader in that it may reach more litigation abuses and narrower in that it may only be for attorney's fees." *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) (citing *Chambers*).

June 18, 2015                                          Respectfully submitted,

                                                       /s/Paul Croker
Eric C. Bosset *(admitted pro hac vice)*               Paul Croker, MO #57000
COVINGTON & BURLING LLP                                2345 Grand Boulevard
One CityCenter                                         Suite 1500
850 Tenth Street, NW                                   Kansas City, MO 64108-2617
Washington, DC 20001-4956                              (816) 221-3420
(202) 662-6000                                         pcrocker@armstrongteasdale.com
ebosset@cov.com

*Attorneys for Defendant The Sherwin-Williams Company*

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 18, 2015, I caused a true and correct copy of the foregoing MOTION TO SET ASIDE ORDER PERMITTING THE WITHDRAWAL WITHOUT PREJUDICE OF PLAINTIFF'S MOTION TO CERTIFY OR, IN THE ALTERNATIVE, FOR ATTORNEYS' FEES RESPONDING TO PLAINTIFF'S MOTION, to be served on all parties of record via ECF.

       /s/Paul Croker
       Attorney for Defendant