IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WADE BURRIS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 15-00343-CV-W-DW |
| THE SHERWIN-WILLIAMS COMPANY, ) ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion to Set Aside Order Permitting the Withdrawal without Prejudice of Plaintiff's Motion to Certify or, in the alternative, for Attorneys' Fees (Doc. 16). The motion is fully briefed and ready for ruling. Upon review, the Court concludes that the motion should be denied.

Plaintiff Wade Burris originally filed this action in the Circuit Court of Jackson County, Missouri on March 18, 2015. On behalf of himself and all others similarly situated, Plaintiff's Class Action Petition alleges violations of the Telephone Consumer Protection Act by Defendant The Sherwin-Williams Company. On May 7, 2015, Defendant removed the action to this Court based on federal question jurisdiction. On May 20, 2015, shortly after removal, and prior to the commencement of discovery, Plaintiff filed his Motion for Class Certification (the "certification motion") (Doc. 8). On June 8, 2015, Defendant filed its Suggestions in Opposition (Doc. 11) to the certification motion. On June 16, 2015, Plaintiff filed his Notice of Withdraw[al] (Doc. 14) of the certification motion, stating that the motion was filed as a "placeholder" motion to protect against Defendant filing an offer of judgment which could possibly preclude Plaintiff's class

claims. Pursuant to the Notice, the Court entered its Order (Doc. 15) stating the certification motion "is hereby withdrawn." Defendant now moves the Court to set aside the withdrawal and address the merits of the certification motion. In the alternative, Defendant moves the Court to order Plaintiff to pay its reasonable attorneys' fees in preparing an opposition to the certification motion pursuant to Rule 11.

First, a party may voluntarily withdraw its own pending motion, and Defendant cites no authority to the contrary under these circumstances. Furthermore, even if the Court were to rule on the merits of the certification motion at this time, such a ruling would not necessarily preclude Plaintiff from moving for certification following discovery, as Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure provides that "an order that grants or denies class certification may be altered or amended before final judgment." Consequently, the motion to set aside Plaintiff's withdrawal of his certification motion will be denied.

As for the request for attorneys' fees incurred in preparing an opposition brief, Defendant argues that Plaintiff did not file the certification motion in good faith under Rule 11 of the Federal Rules of Civil Procedure. However, if Defendant is seeking sanctions pursuant to Rule 11, Rule 11(c)(2) requires that a motion for sanctions shall be served, but not filed or presented to the court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Here, Defendant did not comply with the safe harbor provision of Rule 11 prior to filing its motion, and Plaintiff did in fact withdraw the challenged certification motion. Thus, Rule 11 provides no basis for attorneys' fees under these circumstances.

Furthermore, Defendant argues that its opposition brief set forth "a myriad of reasons for why no class can or should ever be certified in this action." If Defendant's assertion that "no

class can or should ever be certified" is correct, then the "considerable time and money" spent by Defendant in preparing and filing its brief will not go to waste, as the arguments set forth in the brief will still be applicable in any future brief in response to a certification motion following discovery. Based on the foregoing, the Court finds no basis for an award of attorneys' fees.

Accordingly, Defendant's Motion to Set Aside Order Permitting the Withdrawal without Prejudice of Plaintiff's Motion to Certify or, in the alternative, for Attorneys' Fees (Doc. 16) is DENIED.

SO ORDERED.


Date: July 10, 2015                             /s/ Dean Whipple
                                                Dean Whipple
                                                United States District Judge