## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

**WADE BURRIS, Individually and on
behalf of all others similarly situated,**

      **Plaintiff,**

      vs.

**THE SHERWIN-WILLIAMS COMPANY**

      **Defendant.**

**CASE NO. 4:15-CV-00343-DW**

## <u>SETTLEMENT AGREEMENT</u>

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Agreement is entered into between Wade Burris ("Plaintiff"), on behalf of himself and the Settlement Class Members (defined below) on the one hand, and The Sherwin-Williams Company ("Sherwin-Williams") on the other. Plaintiff, Sherwin-Williams, and the Settlement Class Members that Plaintiff represents are referred to collectively in this settlement agreement as the "Parties." Capitalized terms used herein are defined in Section 2 or indicated in parentheses elsewhere in the Settlement Agreement. Subject to Court approval and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions set forth herein.

This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims, and to dismiss

1

this Action with prejudice, subject to the terms and conditions set forth below and without any admission or concession as to the merits of any claim or defense by any of the Parties.

## 1.    Recitals

**1.01** During the period from January 23, 2015 to January 29, 2015, Plaintiff and the Settlement Class Members texted STOP to short code 72468 in order to unsubscribe from receiving additional Paint Pro Alerts text messages from Sherwin-Williams. Due to a software configuration error during this period, Plaintiff and the Settlement Class of no more than 218 additional persons received a total of 682 additional text messages. Plaintiff alleges that these additional texts sent by Sherwin-Williams violate the Telephone Consumer Protection Act ("TCPA").

**1.02** Sherwin-Williams denies all material allegations asserted by Plaintiff. Sherwin-Williams specifically disputes that it violated the TCPA; that it used an automatic telephone dialing system or an artificial or prerecorded voice message to contact Plaintiff or potential class members without their prior express consent; and that Plaintiff and potential class members are entitled to any relief. Sherwin-Williams has agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

**1.03** This Settlement Agreement resulted from good faith, arm's-length settlement negotiations. Additionally, the parties engaged in informal discovery. Plaintiff has reviewed reasonably accessible data that Sherwin-Williams produced and has confirmed information relating to Sherwin-Williams' position including the number of unique

2

cellular phone numbers belonging to Settlement Class Members and the number of text messages sent during the class period.

**1.04** As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

**1.05** Unless otherwise indicated, the term "days" as used herein shall refer to calendar days.

**1.06** Terms that are defined in the text of the Agreement, but not defined in Section 2 below, shall have the meaning given those terms in the text.

## 2.   <u>Definitions</u>

**2.01** "Action" or "Settled Action" means the action described by the Class Action Complaint filed by Plaintiff in the Circuit Court of Jackson County Missouri and removed to the United States District Court for the Western District of Missouri captioned *Burris v. The Sherwin-Williams Company*, Case No.: 4:15-CV-00343.

**2.02** "Agreement" or "Settlement Agreement" means this Settlement Agreement between Plaintiff and Sherwin-Williams.

**2.03** "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.04** "Cash Award" means a cash payment by check to a Settlement Class Member, as provided in Section 4.03.

**2.05** "Claims Administrator" means Dahl Inc., subject to the Court's approval.

3

**2.06** "Class Counsel" is Mitch Burgess of the Burgess Law Firm, Ralph Phalen of Ralph K. Phalen Attorney at Law and Phyllis Norman of The Norman Law Firm.

**2.07** "Class Notice" means the direct mail notice that will be provided to the Settlement Class as provided in Section 8.02, the establishment of a Settlement Website as provided in Section 8.04, and any additional notice that might be ordered by the Court.

**2.08** "Class Period" means the period from January 23, 2015 to April 13, 2015, inclusive.

**2.09** "Class Representative" means Wade Burris, the Plaintiff in this Action.

**2.10** "Court" means the United States District Court for the Western District of Missouri, and whichever judge is assigned to the case.

**2.11** "Sherwin-Williams" means The Sherwin-Williams Company, the defendant in this Action.

**2.12** "Defense Counsel" means Covington & Burling LLP.

**2.13** "Effective Date" is defined in Section 12.

**2.14** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.15** "Notice Dataset" means a list containing the cellular phone numbers of the Settlement Class Members that the Claims Administrator will use to locate the names and addresses of Settlement Class Members.

**2.16** "Objection Deadline" means 45 days from the Settlement Notice Date.

4

**2.17** "Opt-Out Deadline" means 45 days from the Settlement Notice Date.

**2.18** "Parties" means the Plaintiff, the Settlement Class Members, and Sherwin-Williams.

**2.19** "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, in a form agreed to by the Parties.

**2.20** "Released Claims" means the claims released in Section 14.01.

**2.21** "Released Parties" means: Sherwin-Williams, The Adcom Group, Inc. ("Adcom"), and Waterfall International Inc. ("Waterfall"), and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

**2.22** "Request for Exclusion" means the written request by a Settlement Class Member to opt-out of the Settlement as provided for in Section 10.01.

**2.23** "Settlement" means this Agreement between Plaintiff and Sherwin-Williams.

**2.24** "Settlement Class" means and includes all persons within the United States who received a Paint Pro Alerts text message from or on behalf of Sherwin-Williams to a cellular telephone during the Class Period, after having previously texted "STOP" to short code 72468.

**2.25** "Settlement Class Members" means those persons who are members of the Settlement Class.

5

**2.26** "Settlement Costs" means all costs incurred incident to the Settlement, including but not limited to Court-awarded Plaintiff's attorneys' fees and costs; Court-awarded service award to the Class Representative; notice costs; costs of claims administration; and all other costs of implementing and effectuating the Settlement.

**2.27** "Settlement Notice Date" means 28 days after an Order Granting Preliminary Approval is entered.

**2.28** "Settlement Website" means the Internet website operated by the Claims Administrator with regard to this Settlement.

**2.29** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.30** "Total Settlement Payment" means the maximum amount of $325,000.00 that Sherwin-Williams will pay or cause to be paid to settle the Action, inclusive of all Settlement Costs and Cash Awards.

## 3.   <u>All Parties Recommend Approval of the Settlement</u>

**3.01** <u>Certification of Settlement Class.</u> Sherwin-Williams disputes that a litigation class could be certified on the claims asserted in this Action. To avoid the expense and inconvenience of further litigation and for settlement purposes, Sherwin-Williams does not oppose the certification of the Settlement Class. Preliminary certification of the Settlement Class does not preclude Sherwin-Williams from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement

6

Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Sherwin-Williams in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

    **3.02** <u>Plaintiff's Belief in the Merits of Case.</u> Plaintiff and Class Counsel believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Sherwin-Williams has asserted.

    **3.03** <u>Plaintiff Recognizes the Benefits of Settlement.</u> Plaintiff and Class Counsel recognize and acknowledge, however, the expense and amount of time that would be required to continue to pursue this Action against Sherwin-Williams, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff and Class Counsel have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this

Settlement confers substantial benefits upon the Class, is fair, reasonable, and adequate, and is in the best interests of the Class to settle as described herein.

**4.     Settlement Terms and Benefits to the Settlement Class**

**4.01** Total Settlement Payment. In complete and final settlement of the Action, Sherwin-Williams will pay or cause to be paid all Settlement Costs and Cash Awards, collectively comprising the "Total Settlement Payment." The Total Settlement Payment, and the maximum amount that Sherwin-Williams will be obligated to pay or cause to be paid under the Settlement Agreement, is $325,000.00.

**4.02** Payment of and Distribution of Settlement Payment. Within 7 days of the Effective Date, Sherwin-Williams shall pay or cause to be paid the Total Settlement Payment into an account designated by the Claims Administrator (the "Settlement Fund"). No funds may be disbursed from the Settlement Fund for any purpose until ten (10) days after the Effective Date, and no funds may be disbursed from the Settlement Fund except as authorized by court order. Funds shall be disbursed from the Settlement Fund as follows and in the following order: (1) to the Claims Administrator, the costs of providing notice to and administering the Settlement, and this Agreement is contingent on this amount not exceeding $2,000.00; (2) to Class Counsel, any attorneys' fees and costs in the amount awarded by the Court, and this Agreement is contingent on this amount not exceeding $108,333.00; (3) to the Class Representatives, any service award in the amount awarded by the Court, and this Agreement is contingent on this amount

not exceeding $5,000.00; and (4) to Settlement Class Members as provided in Section 4.03.

**4.03** Cash Awards. Any Settlement Class Member who does not opt-out of the Settlement will be eligible to receive a Cash Award in an amount equal to approximately $307.00 per text for each Paint Pro Alerts text message sent to his or her cellular phone during the Class Period, as listed in the Notice Dataset. Cash Awards will be distributed to Settlement Class Members as provided in Section 9.01.

**5.    Attorneys' Fees, Costs, and Payment to Class Representatives**

**5.01** Attorneys' Fees and Costs. Class Counsel may seek an award of attorneys' fees and costs from the Settlement Fund. Class Counsel agrees not to seek, and Sherwin-Williams agrees not to contest, an attorneys' fee and cost award in an amount that exceeds 33 and 1/3% of the Total Settlement Fund (or $108,333.00). The Claims Administrator will pay the awarded amount from the Settlement Fund within 14 days after the Effective Date and after having received an executed W-9 to the Burgess Law Firm, P.C. to be distributed as agreed upon by Class Counsel.

**5.02** Payment to Class Representative. The Class Representative may ask the Court to award him a service award for the time and effort he has personally invested in the Action in the amount not to exceed $5,000.00. The Claims Administrator will pay the awarded amounts within 14 days after the Effective Date and after having received an executed W-9 to Burgess Law Firm, P.C. to be distributed to the Class Representative.

9

**5.03** <u>Settlement Independent of Award of Fees, Costs, and Service Award.</u> The payments of service award and attorneys' fees and costs set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval of the Settlement as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, the Settlement is not dependent or conditioned upon the Court's approving Plaintiff's requested award and Class Counsel's request for attorneys' fees in the particular amounts they seek. In the event the Court declines any request or awards less than the amounts sought but otherwise approves the Settlement, the remaining provisions of this Settlement Agreement will continue to be effective and enforceable by the Parties.

**6.**     **<u>Preliminary Approval</u>**

**6.01** <u>Order of Preliminary Approval.</u> Following the execution of this Agreement, the Plaintiff will move the Court for entry of the Preliminary Approval Order in the form agreed to by the Parties. Pursuant to the Motion for Preliminary Approval, the Plaintiff, with the consent of Sherwin-Williams, will request that:

        a.     the Court conditionally certify the Class for settlement purposes only;

        b.     the Court preliminarily appoint Plaintiff as Class Representative for settlement purposes only;

        c.     the Court preliminarily appoint Class Counsel as counsel for the Class for settlement purposes only;

10

d.     the Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

e.     the Court approve the forms of notice attached and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

f.     the Court schedule a Final Approval Hearing to take place on or after 21 days after the Opt-Out and Objection Deadlines expire, subject to the Court's availability, and which may be continued by the Court from time to time without the necessity of further notice, to determine:

1. Whether the proposed Settlement should be finally approved as fair, reasonable, and adequate;

2. Whether the Final Approval Order and Judgment approving the Settlement and dismissing the Settled Action on the merits and with prejudice should be entered;

3. Whether Class Counsel's application for an award of attorneys' fees and costs should be approved; and

4. Whether the service award to the Class Representative should be approved;

11

g.    the Court order that Notice to the Settlement Class, in the manner described in this Settlement Agreement, be disseminated;

h.    the Court set the Objection Deadline, and the Opt-Out Deadline, and;

i.    the Court provide that Settlement Class Members who do not validly and timely submit Requests for Exclusion will be bound by the Final Approval Order and Judgment dismissing the Action on the merits and with prejudice, and releasing all Released Claims.

## 7.    <u>Administration and Notification Process</u>

**7.01** <u>Third-Party Claims Administrator.</u> The Claims Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, locating names and addresses of Class Members, giving notice via the manner provided in Sections 8.02 and 8.03, the establishment and maintenance of the a toll-free telephone number as provided in Section 8.04, undertaking reasonable efforts to obtain new addresses for returned mail, fielding inquiries about the Settlement, acting as a liaison between Settlement Class Members and the Parties, directing the distribution of Cash Awards to Settlement Class Members as provided in Section 9.01, and any other tasks reasonably required to effectuate the foregoing.

**7.02** <u>Notice Dataset.</u> To facilitate the notice administration process, Sherwin-Williams has provided or will provide to the Claims Administrator a list of the cellular

12

phone numbers of Settlement Class Members to which Paint Pro Alerts text messages were sent during the Class Period, as reflected in the business records of Waterfall, Sherwin-Williams' third-party mobile messaging vendor. Sherwin-Williams does not have the names and addresses connected to the cellular phone numbers of Settlement Class Members. The Claims Administrator will take all lawfully available and reasonable steps to use the phone numbers to locate the names and addresses of Settlement Class Members.

**7.03** <u>Payment of Notice and Claims Administration Costs.</u> All costs of administering this Settlement, including without limitation costs of providing notice and the Claims Administrator's fees and expenses, will be deducted from the Total Settlement Fund.

## 8.   <u>Notices</u>

**8.01** <u>Timing of Class Notice.</u> Class Notice will be provided to all persons in the Settlement Class within 28 days following entry of the Preliminary Approval Order as described herein.

**8.02** <u>Mailing of Class Notice.</u> The Claims Administrator will send the Class Notice via: first class U.S. mail to all Settlement Class Members for whom mailing addresses have been located after making lawful and reasonable efforts to locate such addresses using the cellular phone numbers contained in the Notice Dataset. All costs of mailing Class Notices will be considered Settlement Costs.

13

a.    Re-Mailing of Returned Class Notices. The Claims Administrator will promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address. For all returned mail that does not contain a forwarding address, the Claims Administrator will perform lawful and reasonable data searches to attempt to obtain more recent and valid mailing address information on the Settlement Class Member. All costs of such research will be considered Settlement Costs.

b.    Costs Considered Settlement Costs. All costs of address confirmation, data searches, and re-mailing of undelivered Class Notices will be considered Settlement Costs.

**8.03** Toll-Free Telephone Number. By the Settlement Notice Date, the Claims Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained until 30 days after the Opt-Out and Objection Deadlines.    All costs of setting up and administering the toll-free telephone number will be considered Settlement Costs.

**8.04** Settlement Website. By the Settlement Notice Date, the Claims Administrator will set up a Settlement Website that will contain information about the settlement.   The website will be maintained until 28 days after the Effective Date.   All costs of setting up and maintaining the settlement website will be considered Settlement Costs.

**8.05** <u>CAFA Notice.</u> Sherwin-Williams, through the Claims Administrator, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion. All costs of serving the CAFA notice will be considered Settlement Costs.

**9.**     <u>**Distribution of Class Payments**</u>

**9.01** <u>Mailing of Cash Awards.</u> Checks for Cash Awards will be sent by the Claims Administrator via U.S. mail no later than 28 days after the Effective Date. If any checks are returned, the Claims Administrator will make lawful attempts to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02. If, after a second mailing, the check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator will advise Class Counsel and counsel for Sherwin-Williams of the names of the Settlement Class Members whose checks are returned by the postal service as soon as practicable. Each check for a Cash Award will be negotiable for 90 days after it is issued. Upon request by a claimant, the Claims Administrator may re-issue checks, provided that such re-issued checks will not be negotiable beyond that date that is 90 days after the date of issuance of the original check to such claimant.

**9.02.** <u>Uncashed Checks.</u> Checks for Cash Awards that are not cashed within 90 days of issuance will not result in unclaimed property under state law.

**9.03.** <u>Reversion</u>. Funds allocated for any and all Cash Awards that, for whatever reason, are not received or cashed by Settlement Class Members will revert to Sherwin-Williams, and the Class Administrator will pay such funds and provide an accounting for such funds to Sherwin-Williams from the Settlement Fund within 150 days of the Effective Date.

## 10. Opt-Outs and Objections

**10.01** <u>Opting Out of the Settlement.</u> Any Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written Request for Exclusion to the Claims Administrator, postmarked no later than the Opt-Out Deadline. To be valid, a Request for Exclusion must state the Settlement Class Member's full name, address, cellular telephone number(s) on which he or she received a text from Sherwin-Williams during the Class Period, and a telephone number at which he or she currently can be reached. Further, the Request for Exclusion must clearly state that the Settlement Class Member wishes to be excluded from the Settlement. Any Settlement Class Member who timely submits a valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Agreement. Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by this Agreement and the judgment, including the releases and covenant not to sue in Section 14 below.

**10.02** <u>Reporting of Opt-Outs.</u> The Claims Administrator will provide the Parties with copies of all Requests for Exclusion it receives within two business days of receipt, and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.

16

**10.03** Objections. Any Settlement Class Member who wishes to object to the Settlement must file a written Objection with the Court no later than the Objection Deadline. The Settlement Class Member must also serve a copy of the Objection via first-class U.S. mail on Class Counsel and Defense Counsel. The Objection must include:

      a.     the name, address, telephone number, and email address of the Settlement Class Member who is objecting and, if represented by counsel, of his/her counsel;

      b.     proof of receipt of a qualifying text message from Sherwin-Williams during the Class Period;

      c.     the reasons for his or her Objection; and

      d.     a statement whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond and must appear for deposition within 14 days, if a deposition is noticed. Settlement Class Members who fail to timely file and serve written Objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

17

**10.04** <u>Final Approval Hearing.</u> Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## 11. Final Approval and Judgment Order

**11.01** No later than 14 days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than 14 days prior to the Final Approval Hearing:

 a. All Parties will request, individually or collectively, that the Court enter the Final Approval Order (in a form to be agreed upon by the Parties) with Class Counsel filing a memorandum in support of the motion;

 b. Sherwin-Williams may, in its sole discretion, also file a memorandum in support of the motion;

 c. Class Counsel may separately request that the Court enter an order (in a form to be agreed upon by the Parties) approving of an award of notice-and-administration costs to the Claims Administrator, an award of attorney's fees and costs to Class Counsel, and a service award to the Class

18

Representative, with Class Counsel filing a memorandum in support of this motion; and

d.     Class Counsel and/or Sherwin-Williams may file a memorandum addressing any Objections submitted to the Settlement.

**11.03** At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any Objections to the Settlement should be overruled, whether the fee award and service awards to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.04** This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

a.     finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

b.     finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

c.     finds that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the release in Section 14.01 and the covenant not to sue in Section 14.02, and that this Settlement Agreement should be and is approved;

19

d.      dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

e.      retains jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## 12. Effective Date

**12.01** The Effective Date will occur on the later of:

a.      Thirty days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review, or any relief that would result in extending the time to seek appeal or review; or

b.      If any such document is filed, then five days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect without any material difference from the contents described in Section 11.04.

## 13. Confirmatory Discovery

**13.01** Class Counsel represent that they have conducted discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations. The purpose of that discovery was to confirm the factual record relating to the Parties' arguments regarding liability, available defenses, and the total number of Settlement Class Members and the process used to determine

20

that number of persons. This discovery is to be used solely for purposes of this Settlement and, consistent with Sections 16.01 and 16.02 below, may not be used for any purpose in the event this Agreement is terminated or is not fully and finally approved by the Court.

## 14. Release of Claims

**14.01** <u>Released Claims.</u> Plaintiff and each Settlement Class Member, as well as their respective assigns, legal representatives, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below). Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Settlement Class Members who opt-out of the Settlement under Section 10.01. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature based on the Sherwin-Williams Paint Pro Alerts text messages sent to Plaintiff and Settlement Class Members during the Class Period. The Parties agree that Released Claims do not extend to facsimile transmissions or audio/voice telemarketing calls.

21

**14.02** <u>Covenant Not To Sue.</u> Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## 15. <u>Termination of Agreement</u>

**15.01** <u>Either Side May Terminate the Agreement.</u> Except as otherwise set forth in Section 5.03 of this Agreement, Plaintiff and Sherwin-Williams will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

      a.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

      b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

      c.    any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in any way that is material;

      d.    the Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

**15.02** <u>Termination In The Event Of Excessive Opt-Outs.</u> Sherwin-Williams will have the right to unilaterally terminate this Agreement upon receiving notice from the

22

Claims Administrator indicating that more than 25 Settlement Class Members have asked to be excluded from the settlement.

**15.03** <u>Exercising the Right to Terminate.</u> The right to terminate expires if it is not exercised within fourteen days of the triggering occurrence. To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to all other Parties. If the triggering occurrence is a court making or proposing a material change to the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**15.04** <u>Return to Status Quo.</u> If either Plaintiff or Sherwin-Williams terminate(s) this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered before the date of termination will not be refunded to Sherwin-Williams.

## 16. <u>No Admission of Liability</u>

**16.01** The Released Parties deny any liability or wrongdoing of any kind associated with the alleged claims in the Action, whether related to their conduct or the conduct of third parties on their behalf. Sherwin-Williams has denied and continues to

deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Sherwin-Williams that the Action is properly brought on a class or representative basis, or that a class may be certified in that Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of any of the Released Parties or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of any of the Released Parties in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**16.02** Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## 17. Miscellaneous

**17.01** Entire Agreement. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the

24

Parties, other than those representations, warranties, and covenants contained in this Agreement.

**17.02** <u>Governing Law.</u> This Agreement will be governed by the laws of the State of Missouri.

**17.03** <u>Jurisdiction.</u> The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**17.04** <u>No Construction Against Drafter.</u> This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05** <u>Resolution of Disputes.</u> The Parties will cooperate in good faith in the administration of this Settlement, and Plaintiffs will file a motion for preliminary approval as soon as practicable or as ordered by the Court. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**17.06** <u>Counterparts.</u> This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**17.07** Time Periods. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08** Authority. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**17.09** Modification. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Sherwin-Williams and Plaintiff, and approved by the Court. Notwithstanding the foregoing, the Parties may agree to make, without requiring further approval from the Court, amendments and modifications to the Settlement Agreement in writing that are not inconsistent with the Agreement or any Preliminary Approval Order or Final Approval Order entered by the Court and that do not limit the rights of Settlement Class Members under the Agreement.

**17.10** Confidentiality. The Parties agree to keep the settlement terms confidential until the filing of a motion to preliminarily approve the Settlement.

**17.11** Binding on Assigns. This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**17.12** No Effect on Rights Between Sherwin-Williams and Vendors. Nothing in this Agreement, including without limitation Sections 14.01 and 14.02, is intended to or

26

shall waive, impair, modify or affect in any way the rights, duties or liabilities *inter sese* of Sherwin-Williams, on the one hand, and Adcom and/or Waterfall, on the other hand.

**17.13** <u>Conflicts.</u> In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control.

**17.14** <u>Notices.</u> Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, to the signatories below.

Mitchell L. Burgess, / MO #47524
**BURGESS LAW FIRM, P.C.**
1000 Broadway, Suite 400
Kansas City, Missouri 64105

Eric C. Bosset
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

**ATTORNEYS FOR DEFENDANT**

**RALPH K. PHALEN, ATTORNEY AT LAW**
Ralph K. Phalen, MO     #36687
1000 Broadway, Suite 400
Kansas City, MO 64105

Phyllis A. Norman,  MO #55887
**THE NORMAN LAW FIRM**
1000 Broadway, Suite 400
Kansas City, Missouri 64105

**ATTORNEYS FOR PLAINTIFF AND
PUTATIVE SETTLEMENT CLASS**

27