IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WADE BURRIS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE SHERWIN-WILLIAMS COMPANY<br><br>Defendant. | CASE NO. 4:15-CV-00343-DW |

**JUDGMENT AND ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES**

Upon careful review and consideration of the Parties' Settlement Agreement (ECF No. 23-1), dated October 29, 2015 (the "Agreement"), the Motion and Memorandum for Final Approval filed with this Court, and the evidence and arguments of counsel as presented at the Final Approval Hearing held on February 23, 2016, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**1.     Incorporation of Other Documents**. This Order incorporates and makes the Agreement part of this Order. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2.     **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss all claims asserted by the Settlement Class Members in the Litigation with prejudice.

DC: 5965797-2

3. **Settlement Class Definition**. The Settlement Class, which this Court previously certified preliminarily, is hereby finally certified for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finding that for purposes of settlement the Settlement Class fully satisfies all of the applicable requirements of Rule 23 and due process. The Settlement Class is defined as follows:

> **All persons within the United States who received a Paint Pro Alerts text message from or on behalf of Sherwin-Williams to a cellular telephone between January 23, 2015 and April 13, 2015, after having previously texted "STOP" to short code 72468.**

4. **Rule 23 Analysis.** Pursuant to the Agreement, and for settlement purposes only, the Court finds as to the Settlement Class that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Settlement Class, the claims of the named Plaintiff are typical of the claims of the Settlement Class, the named Plaintiff will fairly and adequately protect the interests of the Settlement Class, questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. **Request for Exclusion.** No members of the Settlement Class timely requested to be excluded from or "opted out" of the Settlement Class.

6. **Objections to the Settlement.** No members of the Settlement Class have objected to the proposed Settlement by the deadline set forth in the Agreement, and any objections to the Settlement have been considered by the Court and overruled.

7. **Adequacy of Representation**. There are no apparent conflicts of interest between Named Plaintiff and the Settlement Class, or among the members of the Settlement Class. Plaintiff's Counsel will fairly and adequately represent and protect the interests of the

Settlement Class. Accordingly, Named Plaintiff Wade Burris and Mitchell L. Burgess, Ralph K. Phalen, and Phyllis Norman ("Plaintiff's Counsel" or "Settlement Class Counsel"), have satisfied the requirements of Fed. R. Civ. P. 23 and are hereby appointed and approved as representative of the Settlement Class and Settlement Class Counsel for the Settlement Class, respectively.

8. **Class Notice**. The Court finds that the Class Notice was distributed to Settlement Class Members in accordance with the terms of the Agreement and this Court's Preliminary Approval Order. The Court further finds that notice of the Settlement and theAgreement:

a. Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiff and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees; and the proposed incentive award), (iv) their right to appear at the Final Approval Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

c. Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities that are Settlement Class Members and who therefore are entitled to be provided with such notice; and

d. Constituted notice that fully satisfied the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law.

9. **Final Settlement Approval**. The terms and provisions of the Agreement including all exhibits, have been entered into in good faith and as a result of arm's length negotiations. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions.

10. **Binding Effect**. The terms of the Agreement and this Order shall be forever binding on all of the Settlement Class Members, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement and this Order shall have *res judicata* and other preclusive effect as to the "Released Claims" as against the "Released Parties," all as defined in the Agreement.

11. **Release**. By this Judgment, the Settlement Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

discharged all Released Claims against the Released Parties. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members entitled to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated. All of the Released Claims are dismissed with prejudice as to the Settlement Class Representative and the other Settlement Class Members.

12. **Antisuit Injunction**. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13. **Enforcement of Settlement.** Nothing in this Final Approval Order shall preclude any action by any Party to enforce the terms of the Agreement.

14. **Payment to Named Plaintiff Wade Burris.** The Court hereby awards $5,000.00 to be paid from the Settlement Fund to Plaintiff Wade Burris as an incentive award for his services as a representative plaintiff in this Litigation.

15. **Attorney's Fees.** The Court awards Plaintiff's Counsel attorney's fees of $108,333.00. The Court finds and concludes that this award to Plaintiff's Counsel for work and

services in this case and in connection with the Settlement is reasonable for the reasons stated in Class Counsel's Application for Award of Attorney's Fees.

16. **Retention of Jurisdiction.**  Without in any way affecting the finality of this Final Approval Order, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and for any other necessary purpose as permitted by applicable law, including, without limitation:

    a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Settlement, this Final Approval Order (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order);

    b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

17. **No Admissions.**  Neither this Final Approval Order and Judgment, nor the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Final Judgment, is not, may not be construed as, or may not be used as an admission or concession by or against any of the Parties or the Released Parties of: (i) the validity of any claim or liability, any alleged violation

or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (ii) the truth or relevance of any fact alleged by Plaintiff; (iii) the existence of any class alleged by Plaintiff; (iv) the propriety of class certification if this action were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in this action or any other litigation; (vi) that the consideration to be given to Settlement Class Members pursuant to the Settlement represents the amount which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in this action or any other lawsuit or proceeding. Entering into or carrying out the Agreement and any negotiations or proceedings related to them, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Sherwin William's denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Agreement, or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached; provided, however, that this Order and the Agreement may be filed by Sherwin Williams or any Released Party in any action against or by Sherwin Williams or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

18. **Dismissal of Litigation.** The Litigation is dismissed with prejudice, without fees or costs to any party, except as otherwise provided in the Agreement or this Order.

19. **Effect of this Order If Reversed On Appeal.** If the Effective Date does not occur, this Final Approval Order shall be rendered null and void, shall be vacated *nunc pro tunc*,

certification of the Settlement Class shall be deemed vacated, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.

20. **Non-material Modifications To This Order**. The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Agreement, in writing and signed by the Parties, that are not inconsistent with this Final Approval Order and that do not limit the rights of the members of the Settlement Class.

21. **Final Judgment**. This document is a final, appealable order, and shall constitute a judgment for purposes of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this   23rd   day of February, 2016.

                                                                /s/ Dean Whipple
                                                                Honorable Dean Whipple
                                                                Judge of the United States District Court

Submitted and approved by:

BURGESS LAW FIRM, P.C.
Mitchell L. Burgess,   MO #47524
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-17000
mitch@burgesslawkc.com

RALPH K. PHALEN, ATTORNEY AT LAW
Ralph K. Phalen, MO #36687
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 589-0753
(816) 471-1701 FAX

THE NORMAN LAW FIRM
Phyllis A. Norman,    MO #55887
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 288-9622
(816) 471-1701 FAX
phyllis@pnormanlaw.com
**ATTORNEYS FOR PLAINTIFF AND CLASS**

ARMSTRONG TEASDALE, LLP
Paul Croker, MO #57000
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108-2617
Phone (816) 221-3420
Fax (816) 221-0786
pcroker@armstrongteasdale.com

COVINGTON & BURLING LLP
Eric C. Bosset (admitted pro hac vice)
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
ebosset@cov.com

**ATTORNEYS FOR DEFENDANT**